# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

RICHARD TRAVIS GREENE
DEANA SHEA GREENE

        Debtors

Case No. 09-33312

JOHN P. NEWTON, JR., TRUSTEE

        Plaintiff

v.

BANK OF AMERICA
and/or BAC HOME LOANS

        Defendant

Adv. Proc. No. 10-3038

## MEMORANDUM ON MOTION
## FOR STAY PENDING APPEAL

**APPEARANCES:**    MAYER & NEWTON
        John P. Newton, Jr., Esq.
        1111 Northshore Drive
        Suite S-570
        Knoxville, Tennessee 37919
        Attorneys for Plaintiff

        BRADLEY ARANT BOULT CUMMINGS, LLP
        Austin L. McMullen, Esq.
        1600 Division Street
        Suite 700
        Nashville, Tennessee  37203
        Attorneys for Defendant Bank of America

**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

Before the court is the Motion for Stay Pending Appeal filed by the Defendant Bank of America on March 24, 2011, asking the court to stay enforcement of the Judgment entered on March 11, 2011, granting summary judgment to the Plaintiff. Summary judgment was granted upon the court's finding that the Plaintiff had no constructive knowledge of the Defendant Bank of America's lien on the real property located at 825 Garners Landing Boulevard, Seymour, Sevier County, Tennessee (Garners Landing Property), because when he searched the records of the Sevier County Register of Deeds, he found no record of the Defendant's Deed of Trust. The court, therefore, determined that the interest of the Plaintiff in the Garners Landing Property was superior to the interest of the Defendant Bank of America and authorized the Plaintiff to sell the Garners Landing Property free and clear of liens. Additionally, the court sustained the Trustee's Objection to Proof of Claim No. 22-2 Filed by the Bank of America, filed by the Plaintiff on May 20, 2010, and disallowed the claim filed in the amount of $203,938.18 as secured, but allowed the claim in its entirety as unsecured. Finally, the court denied the Motion for Relief From the Stay and Abandonment filed by the Defendant Bank of America on April 28, 2010, seeking modification of the automatic stay to allow it to foreclose its interest in the Garners Landing Property. In opposition to the Motion for Stay Pending Appeal, the Plaintiff filed the Plaintiff's Response to Defendant's Motion for Stay Pending Appeal (Response to Motion for Stay Pending Appeal) on April 6, 2011.

The Defendant's Motion for Stay Pending Appeal was filed pursuant to Rule 8005 of the Federal Rules of Bankruptcy Procedure which provides in material part:

> A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court . . . reserved hereinafter, the bankruptcy

>judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

FED. R. BANKR. P. 8005. Whether to grant a stay pending appeal is within the court's discretion, based upon the same factors traditionally considered concerning preliminary injunctions: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay[,]" *Stephenson v. Rickles Elecs. & Satellites (In re Best Reception Sys., Inc.)*, 219 B.R. 988, 992 (Bankr. E.D. Tenn. 1998), and the moving party bears the burden of proving each factor by a preponderance of the evidence. *In re Level Propane Gases, Inc.*, 304 B.R. 775, 777 (Bankr. N.D. Ohio 2004). "These factors are to be balanced[,]" *Baker v. Adams County/Ohio Valley Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2002), but the court is not required to balance each of the four factors equally.

>[A] motion for a stay pending appeal is generally made after the district court has considered fully the merits of the underlying action and issued judgment, usually following completion of discovery. As a result, a movant seeking a stay pending review on the merits of a district court's judgment will have greater difficulty in demonstrating a likelihood of success on the merits. In essence, a party seeking a stay must ordinarily demonstrate to a reviewing court that there is a likelihood of reversal. Presumably, there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court had the benefit of a complete record that can be reviewed by this court when considering the motion for a stay.
>
>To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiffs will suffer absent the stay. Simply stated, more of one excuses less of the other. This relationship, however, is not without its limits; the movant is always required to demonstrate more than the mere "possibility" of success on the merits. For example, even if a movant demonstrates irreparable harm that decidedly outweighs any potential harm to the defendant if a stay is granted, he is still required to show, at a minimum, "serious questions going to the merits."

Main Document Page 4 of 7

> . . . .
>
> Of course, in order for a reviewing court to adequately consider these four factors, the movant must address each factor, regardless of its relative strength, providing specific facts and affidavits supporting assertions that these factors exist. This, in turn, develops an adequate record from which we can determine the merits of the motion.

*Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991)) (internal citations omitted); *see also Baker*, 310 F.3d at 928 ("[I]n order to justify a stay of the district court's ruling, the defendant must demonstrate at least serious questions going to the merits and irreparable harm that decidedly outweighs the harm that will be inflicted on others if a stay is granted."). Because this matter, which is between private parties, does not in any way affect public interest and additionally was not addressed by the Defendant, only the Defendant's likelihood of success on appeal, whether the Defendant will suffer irreparable harm if a stay is not granted, and whether the Plaintiff or Debtors will be harmed by granting the stay are at issue.

There is an "inherent conflict of a rendering court determining the probability that its own judgment will or will not be reversed on appeal," and the party seeking a stay must offer something more than an assertion or expectation of success in order to prove the existence of questions as to the merits of the case and a reasonable possibility that it will, in fact, succeed on the merits of its appeal. *In re Cacioli*, 302 B.R. 429, 431 (Bankr. D. Conn. 2003). With respect to its contended likelihood of success on appeal, the Defendant argues that the court erred in finding that, irrespective of the actions of the Sevier County Register of Deeds in voiding its Deed of Trust on March 11, 2009, the Defendant's lien was not "notice to the world" because it had been accepted by the Register's Office and noted for registration. The Defendant cites to a number of Tennessee cases

in support of its argument in which the courts have held that, notwithstanding that a document is not found in a title search, the notation of a document in the register's books is deemed notice under Tennessee Code Annotated § 66-21-102 (2004).

The cases cited by the Defendant, however, are inapposite to this case.  In each of those cases, the record is indisputable that the documents in question had actually been noted in ***and remained noted*** in the respective registers' books.  As discussed extensively in the court's Memorandum on Defendant's Motion for Summary Judgment filed on March 11, 2011, in this case, there is no notation in the Sevier County Register of Deeds' book for deeds of trust – or in any other notation book kept by the Sevier County Register of Deeds – containing the information required by Tennessee statute: "the names of the grantors, grantees, the time of receipt (date, hour and minute) and the fees received."  TENN. CODE ANN. § 8-13-108(a)(3) (Supp. 2010).  The listing of instruments received for registration with return address attached as Exhibit A to Ms. McCurry's May 27, 2010 Affidavit does not provide any of this information with respect to the Defendant's Deed of Trust; instead, it merely refers to instrument number 09015404, to be returned to "Simplifile."  MCCURRY AFF. at ¶ 3, EX. A.  And while there is no question that the Sevier County Register of Deeds was not authorized to void the Defendant's Deed of Trust, the fact remains that Ms. McCurry did, in fact, not only void the instrument but she also voided and failed to note in the Register's records the book and page number, which was then assigned to another unrelated instrument.  Accordingly, the only document that references a book and page number, along with the other information required by statute, is the copy of the Defendant's Deed of Trust sent to its agent electronically prior to it being voided.  Based upon the facts of this case in accordance with

5

the relevant sections of Tennessee Code Annotated and the case law set forth herein and in the court's March 11, 2011 Memorandum on Defendant's Motion for Summary Judgment, the court finds that the Defendant is not likely to succeed on the merits of its appeal.

With respect to the second factor, the Defendant argues that enforcement of the Judgment will cause it irreparable harm by giving the Plaintiff the unlimited opportunity to sell the Garners Landing Property. When analyzing irreparable harm, courts examine the following factors: "(1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided." *Griepentrog*, 945 F.2d at 154. The Sixth Circuit has also directed courts to "remember that '[t]he key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. . . .' In addition, the harm alleged must be both certain and immediate, rather than speculative or theoretical. In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again." *Griepentrog*, 945 F.2d at 154 (quoting *Sampson v. Murray*, 94 S. Ct. 937, 953 (1974)).

Notwithstanding the Defendant's averments to the contrary, it is not irreparably harmed by lack of a stay. As the Defendant acknowledges, the Plaintiff has not filed a motion to sell the Garners Landing Property, which cannot be sold without notice to creditors with the opportunity to object and court approval. Nevertheless, due to the litigation with the Defendant, the Plaintiff has been unable to sell the property, and further delay in doing so increases expenses and is detrimental to the estate. In his Response to Motion for Stay Pending Appeal, the Plaintiff has suggested that allowing him to liquidate the property does not harm the Defendant since any proceeds can be

6

retained and held pending resolution of the appeal while not increasing expenses of the estate. The Plaintiff also correctly argues that the Defendant could have, but has chosen not to, post a supersedeas bond. Based upon the foregoing, the court finds that the Defendant will not be irreparably harmed if a stay is not granted, but that the Debtors' bankruptcy estate will incur additional expenses if the Plaintiff is not allowed to move forward to liquidate the property.

In summary, because the Defendant has failed to demonstrate that the factors are weighted in its favor, particularly that it possesses a likelihood of success on the merits of its appeal and that it will suffer certain, immediate, likely, or irreparable harm, the Motion for Stay Pending Appeal shall be denied.

An Order consistent with this Memorandum will be entered.

FILED: April 19, 2011

BY THE COURT

/s/ RICHARD STAIR, JR.

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE