**SO ORDERED.**

**SIGNED this 26 day of May, 2011.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Richard Stair Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

RICHARD TRAVIS GREENE
DEANA SHEA GREENE

Case No. 09-33312

Debtors

JOHN P. NEWTON, JR., TRUSTEE

Plaintiff

v.                                                          Adv. Proc. No. 10-3038

BANK OF AMERICA
and/or BAC HOME LOANS

Defendant

MEMORANDUM AND ORDER
ON DEFENDANT BANK OF AMERICA'S SECOND MOTION
FOR APPROVAL OF SUPERSEDEAS BOND

Before the court is the Second Motion for Approval of Supersedeas Bond (Second Motion)

filed by the Defendant Bank of America (Defendant) on May 24, 2011, moving the court, pursuant

to Rule 8005 of the Federal Rules of Bankruptcy Procedure, for approval of a supersedeas bond in the amount of $10,000.00 to stay enforcement of the Judgment entered on March 11, 2011, granting summary judgment to the Plaintiff.  Summary judgment was granted upon the court's finding that the Plaintiff had no constructive knowledge of the Defendant's lien on the real property located at 825 Garners Landing Boulevard, Seymour, Sevier County, Tennessee (Garners Landing Property) because when he searched the records of the Sevier County Register of Deeds, he found no record of the Defendant's Deed of Trust since it had been voided and removed by the Register of Deeds. The court, therefore, determined that the interest of the Plaintiff in the Garners Landing Property was superior to the interest of the Defendant and authorized the Plaintiff to sell the Garners Landing Property free and clear of liens.  Additionally, the court sustained the Trustee's Objection to Proof of Claim No. 22-2 Filed by the Bank of America filed by the Plaintiff on May 20, 2010, and disallowed the Defendant's claim filed in the amount of $203,938.18 as secured, but allowed the claim in its entirety as unsecured.  Finally, the court denied the Motion for Relief From the Stay and Abandonment filed by the Defendant on April 28, 2010, seeking modification of the automatic stay to allow it to foreclose its interest in the Garners Landing Property.  On May 12, 2011, the Plaintiff filed a motion in the Debtors' case seeking an order authorizing the sale of the Garners Landing Property for $173,000.00.

   The Defendant's Second Motion follows its Motion for Approval of Supersedeas Bond (First Motion) filed on May 23, 2011, which the court summarily denied because it was not accompanied by a brief as required by E.D. Tenn. LBR 7007-1(a).  Both the First Motion and Second Motion were filed after the court entered its Order on April 19, 2011, denying the Defendant's Motion for Stay Pending Appeal.  They were also filed subsequent to transmittal of the Record on Appeal to the

district court, which was, notwithstanding the Defendant's representation in both the Second Motion and supporting Brief in Support of Second Motion for Approval of Supersedeas Bond that the appeal was docketed in the district court on May 24, 2011, in fact, docketed in the district court on May 10, 2011.

The filing of the First Motion and Second Motion after the Defendant's appeal was docketed in the district court raises issues in the court's mind regarding its authority to now address the supersedeas bond issue; however, because the law in the Sixth Circuit is clear, it will nonetheless issue its ruling. Rule 62(d) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7062 of the Federal Rules of Bankruptcy Procedure, provides as follows:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d).

> The rule "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) (citations omitted). "Courts have restricted the application of Rule 62(d)'s automatic stay to judgments for money because a bond may not adequately compensate a non-appealing party for loss incurred as a result of the stay of a non-money judgment." *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992). In other words, the applicability of Rule 62(d) turns on whether the judgment involved is monetary or non-monetary.

*Titan Tire Corp. of Bryan v. United Steel Workers of Am., Local 890L*, 2010 WL 815557 at *1 (6th Cir. Mar. 10, 2010). Here, the Judgment awarded the Plaintiff is non-monetary, and Rule 62(d) has no application. Clearly, a $10,000.00, or even higher, supersedeas bond could not adequately compensate the Plaintiff for the loss of a $173,000.00 sale.

For the above reasons, the court directs that the Second Motion filed by the Defendant on May 24, 2011, is DENIED.

The court further directs that the clerk, after docketing this Memorandum and Order, shall transmit it to the district court through the court's electronic case filing system to be filed as part of the supplemental record in the Defendant's appeal, docketed as 3:11-cv-00231.

###